**Ignacio CHAVEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43349.**

Court of Criminal Appeals of Texas.

Jan. 13, 1971.

Murray J. Howze, Lawrence L. Barber, Jr., Monahans, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On March 25, 1968, the appellant, represented by retained counsel, waived trial by jury and entered a plea of guilty before the 143rd District Court. Judge J. H. Starley assessed the punishment at four years, suspended the imposition of the sentence and placed the appellant on probation.

Among the conditions of probation was the requirement that the appellant "(2) Commit no offense against the laws of this or any other State or the United States."

On September 15, 1969, the State filed a motion to revoke probation alleging that appellant had been convicted of "misdemeanor drunk" on September 2, 1969, and convicted of misdemeanor aggravated assault on September 12, 1969.

The hearing on the motion to revoke probation commenced before Judge Starley on November 7, 1969. The county attorney testified the appellant had plead guilty on September 12, 1969, to the charge of aggravated assault which occurred within the probationary period and was assessed a fine of $50 and 15 days in jail. Certified copies of the complaint and information, judgment and sentence were admitted into evidence.

At the request of appellant's retained counsel the hearing was recessed until November 21, 1969. On that date the hearing resumed before Judge Charles Sherrill of the 112th Judicial District Court who was sitting in the 143rd District Court by administrative assignment.

Without objection the prosecutor stated to Judge Sherrill the nature of the evidence already offered. The appellant then took the stand and admitted he had entered guilty pleas to the offenses of "misdemeanor drunk" and aggravated assault but then testified he had not been guilty of either offense and gave his version of the facts.

Following the hearing Judge Sherrill granted the motion to revoke and imposed sentence upon the appellant.

■ Appellant urges reversible error resulted since two different judges were allowed to preside at the hearing on the motion to revoke probation. We do not agree. Even without the evidence heard by Judge Starley there was sufficient evidence offered to support Judge Sherrill's finding that appellant had violated his probationary condition.

■ Next, appellant contends the court abused its discretion in revoking probation since appellant did not waive his right to counsel at the time of the aggravated assault conviction which formed the basis for the revocation. While it appears he did not have counsel, there is no showing he was indigent and did not waive his right to counsel. Further, on direct examination of the appellant the following, concerning the aggravated assault charge, is reflected:

"Q. And did you know your legal rights down there?

"A. Yes, sir. * * *"

Still further, appellant does not make the same complaint about the conviction for "misdemeanor drunk" and it alone would have authorized Judge Sherrill's action.

■ Appellant also complains the record does not reflect he ever had the terms and conditions of probation explained to him and the court abused its discretion in revoking probation. The court reporter's notes reflect that the judge read such conditions to the appellant in open court at the time he was granted probation. Further, the record shows the signatures of the appellant and his counsel on the date probation was granted acknowledging a receipt of a certified copy of the judgment in which the conditions of probation were set out. The statute merely requires that the

court clerk furnish a copy of the probationary conditions to the probationer. See Article 42.12, Sec. 6, Vernon's Ann.C.C.P. We thus find no merit to such contention. Appellant's reliance upon Smith v. State, Tex.Cr.App., 422 S.W.2d 440, is misplaced.

Lastly, appellant urges that his probation should not have been revoked since his probation officer "did not feel appellant had done anything to warrant revocation." We do not so view the probation officer's testimony. Nevertheless, the decision to revoke probation or not rests solely within the discretion of the trial court. Article 42.12, Sec. 8, V.A.C.C.P.

Finding no abuse of discretion, the judgment is affirmed.