David Raymond DAVILA, Appellant,

v.

The STATE of Texas, Appellee.

No. 68600.

Court of Criminal Appeals of Texas, Panel No. 2.

June 8, 1983.

Billy J. Robinson, Lubbock, for appellant.

John T. Montford, Dist. Atty., Jim B. Darnell, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and W.C. DAVIS and TEAGUE, JJ.

## OPINION

ONION, Presiding Judge.

Appeal is taken from an order revoking probation. On December 7, 1979, the appellant entered a plea of guilty before the court to the indictment charging aggravated assault. The court assessed punishment at seven (7) years' imprisonment, but suspended the imposition of the sentence and placed the appellant on probation subject to certain conditions, including:

"(a) Commit no offense against the laws of this or any other State or the United States."

These proceedings were in the 72nd District Court of Lubbock County with Judge Thomas L. Clinton of the 99th District Court of Lubbock County as "Judge Presiding."

The State filed a motion to revoke probation in the 72nd District Court dated August 29, 1980, but file marked September 8, 1980, alleging that appellant had committed the offense of burglary of a habitation on August 25, 1980, in violation of his probationary conditions. On September 3, 1980, the court ordered a capias to issue for appellant's arrest. The order signed by Judge Denzel Bevers of the 72nd District Court was not file marked until September 8, 1980.

On October 31, 1980, the motion to revoke was heard by Judge John R. McFall of the 237th District Court of Lubbock. The statement of facts, approved without objection, reflects the proceedings were in the 72nd District Court with Judge McFall presiding under an exchange of benches. At the conclusion of the hearing, appellant's probation was revoked. Sentence was imposed and notice of appeal was given.

On appeal the sole contention is that the 237th District Court did not have jurisdiction to revoke appellant's probation. Attention is called to an instrument simply designated "Motion" filed in the 72nd District Court on October 31, 1980, stating that appellant had been placed on probation by the 72nd District Court and that "this court" does not have jurisdiction since "no motion under 42.12 of the Code of Criminal Procedure has been filed" and the consent of the 72nd District Court had not been secured. No reference is made therein to the 237th District Court or to Judge McFall.

Prior to the revocation hearing, the record reflects:

"MR. WISCHKAEMPER (Appellant's Counsel): One other motion there I might call the Court's attention to, a motion as to the jurisdiction of the Court to hear this cause. We might get a ruling on that before we start.

"THE COURT: Well, let's see. This is originally indicted in the 72nd, I believe. Am I right on that?

"MR. WISCHKAEMPER: Yes.

"THE COURT: It was heard by Judge Clinton on exchange of bench. And then Judge Bevers issued the warrant. And now, here I am.

"So I guess we have just about all had a shot.

"All right. I will overrule your motion. I will hear this under exchange of bench from Judge Bevers, and he has informed that he will sign an order if we need one. So I am hearing it on exchange with him.

"MR. WISCHKAEMPER: Note our exception.

"THE COURT: I will have a written one. We usually have one already in here, but I haven't got one for him. So I will get it so that we will have a written exchange.

"Okay. Now, so I will overrule your Motion to Quash, I guess, is that what it is?"

There is in the appellate record an order transferring the case from the 72nd District Court to the 237th District Court signed by Judge Bevers and an acceptance of the transfer signed by Judge McFall. The instrument is dated October 31, 1980, by both judges, although it did not receive a file mark by the district clerk until November 10, 1980.

Appellant relies upon Article 42.12, § 5, V.A.C.C.P., which reads:

"Only the court in which the defendant was tried may grant probation, fix or alter conditions, revoke the probation, or discharge the defendant, unless the court has transferred jurisdiction of the case to another court with the latter's consent. After a defendant has been placed on probation, jurisdiction of the case may be transferred to a court of the same rank in this State having geographical jurisdiction where the defendant is residing or where a violation of the conditions of probation occurs. Upon transfer, the clerk of the court of original jurisdiction shall forward a transcript of such portions of the record as the transferring judge shall direct to the court accepting jurisdiction, which latter court shall thereafter proceed as if the trial and conviction had occurred in that court. Any court having geographical jurisdiction where the defendant is residing or where a violation of the conditions of probation occurs may issue a warrant for his arrest, but the determination of action is to be taken after arrest shall be only by the court having jurisdiction of the case at the time the action is taken."

■ Appellant acknowledges the transfer order but asserts in his brief that it was not timely filed prior to the revocation order. Assertions in an appellate brief unsup-

ported by evidence cannot be accepted as fact. Appellant's contention is without merit.

Further, if the validity of the transfer order could be questioned in any way, Judge McFall of the 237th District Court had the right to sit in the 72nd District Court on an exchange of benches or to hold court for Judge Bevers of the 72nd District Court.

Article V, § 11 of the Texas Constitution, states in part:

"And the district judges may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law."

See also Article 1916, V.A.C.S., which states the same rule. *Pendleton v. State*, 434 S.W.2d 694, 696, 697 (Tex.Cr.App.1968); *Floyd v. State*, 488 S.W.2d 830 (Tex.Cr.App. 1972); *Wise v. State*, 477 S.W.2d 578 (Tex. Cr.App.1972).

■ It is not necessary that a formal order be entered for the judge of one district court to preside over a case in place of a duly elected judge, nor is it necessary for the docket sheet or minutes to show the reason for the exchange of benches by district judges. *Pendleton v. State*, 434 S.W.2d 694 (Tex.Cr.App.1968).

Further, Article 199a, § 2.002(a), V.A. C.S., provides:

"Sec. 2.002(a). In any county in which there are two or more district courts, the judges of such courts may, in their discretion, either in termtime or in vacation, on motion of any party or on agreement of the parties, or on their own motion, transfer any case or proceeding, civil or criminal, on their dockets to the docket of one of the other said district courts; and the judges of the courts may, in their discretion, exchange benches or districts from time to time."

See also § 3.062 of Article 199a, supra. See and cf. Article 199–137, V.A.C.S.

There is no merit to appellant's contention.

The judgment is affirmed.

TEAGUE, Judge, dissenting.

This is an appeal from an order revoking probation. On December 7, 1979, appellant was convicted of the offense of aggravated assault in the 72nd District Court, Hon. Thomas L. Clinton presiding, and was placed on seven years' probation. On August 29, 1980, the State filed a motion to revoke probation in that court, alleging that appellant violated the conditions of his probation by committing the offense of burglary of a habitation. A hearing on the State's motion was held on October 31, 1980, in the 237th District Court, Hon. John R. McFall presiding, and the hearing culminated in the revocation of appellant's probation. An order revoking probation was issued from the 237th District Court, and appellant was sentenced to seven years' confinement in the penitentiary.

Appellant's sole contention on appeal is that the 237th District Court was without jurisdiction to revoke his probation, since no order transferring jurisdiction to that court from the 72nd District Court was in existence at the time of the commencement of the hearing on the motion to revoke probation. Appellant relies on Art. 42.12, Sec. 5, V.A.C.C.P.,[1] which read at the time of the hearing as follows:

Only the court in which the defendant was tried may grant probation, fix or alter conditions, revoke the probation, or discharge the defendant, *unless the court has transferred jurisdiction of the case to another court with the latter's consent.* After a defendant has been placed on probation, *jurisdiction* of the case may be transferred to a court of the same rank in this State, having geographical *jurisdiction* where the defendant is residing or where a violation of the conditions of probation occurs. Upon transfer, the clerk of the court of original *jurisdiction* shall forward a transcript of such portions of the record as the transferring judge shall direct to the court accepting *jurisdiction,* which latter court shall

thereafter proceed as if the trial and conviction had occurred in that court. Any court having geographical *jurisdiction* where the defendant is residing or where a violation of the conditions of probation occurs may issue a warrant for his arrest, but the determination of action to be taken after arrest *shall be only by the court having jurisdiction of the case at the time the action is taken.* (Emphasis added.)

Appellant first questioned whether there had been satisfactory compliance with the above-quoted statute in a motion to quash the State's motion to revoke probation, filed on October 31, 1980. The caption on appellant's motion indicates that it was filed in the 72nd District Court, perhaps erroneously, since the motion stated that *"this Court* [the 237th District Court] does not have jurisdiction in that no Motion under 42.12 of the Code of Criminal Procedure has been filed [in this Court] and that the consent of the 72nd District Court has not been secured." (Emphasis added and inferences supplied.)

Appellant requested a ruling on his motion to quash immediately prior to the commencement of the revocation hearing in the 237th District Court. The trial judge, Hon. John R. McFall, then made the following observations with regard to the motion:

THE COURT: Well, let's see. This is originally indicted in the 72nd, I believe. Am I right on that?

MR. WISCHKAEMPER (Defense Counsel): Yes.

THE COURT: It was heard by Judge Clinton on exchange of bench. And then Judge Bevers issued the warrant. And now, here I am. So I guess we have just about all had a shot. All right. I will overrule your motion. I will hear this under exchange of bench from Judge Bevers, and he has informed [me] that he will sign an order if we need one. So I am hearing it on exchange with him.

MR. WISCHKAEMPER: Note our exception.

1. Art. 42.12, Sec. 5, V.A.C.C.P., was amended by the 67th Legislature, effective September 1, 1981. The new material in the amended and subdivided Sec. 5 is not relevant to the issues raised in the instant case.

THE COURT: I will have a written one. We usually have one already in here, but I haven't got one for him. So I will get it so that we will have a written exchange.

No further reference to the motion to quash or to the trial court's jurisdiction appears in the transcription of the court reporter's notes of the proceedings in this cause. However, the transcript in the record on appeal contains an "Order of Transfer of Case," executed on October 31, 1980, the day of the revocation hearing, by Hon. Denzil Bevers, presiding judge of the 72nd District Court, and by Hon. John R. McFall, presiding judge of the 237th District Court. The order by Judge Bevers directs transfer of the instant case to the 237th District Court, and reflects the consent of Judge McFall, the presiding judge of the 237th District Court, to the transfer.[2] There is no indication as to when the order was executed on October 31, 1980, i.e., whether it was executed during the revocation hearing, or after appellant's probation was already revoked. The order was not filed in the office of the Lubbock County District Clerk until November 10, 1980.

The written order revoking appellant's probation and the sentence in this cause were issued from the 237th District Court on November 17, 1980, by Judge McFall, who executed the instruments in the stated capacity of "Judge Presiding Under Exchange of Benches." Appellate proceedings, including trial court review of the appellate record and briefs under Art. 40.09, Sec. 12, V.A.C.C.P., (prior to amendment by the 67th Legislature), were also conducted in the 237th District Court.

The first page of the docket sheet of this cause originally indicated that the case was filed in the 72nd District Court, but that notation was corrected to read "237th." The second page contains the notations "72nd" and "McFall." Another notation on that page shows that the case was transferred by order of the presiding judges from the 72nd to the 237th District Court; significantly, that notation *follows* the entries noting that appellant's probation was revoked and that he was sentenced and gave notice of appeal.

Appellant astutely observes that none of the prior decisions of this Court involving Art. 42.12, Sec. 5, V.A.C.C.P., are factually congruous with the instant case. In *Wise v. State,* 477 S.W.2d 578 (Tex.Cr.App.1972), and *Balderas v. State,* 497 S.W.2d 298 (Tex. Cr.App.1973), probationers who had fallen from grace complained that judges other than the ones who had adjudged them guilty presided over the revocation hearings. Their complaints were rejected by this Court on the ground that the revocation hearings were in fact conducted in the original courts of conviction, with different judges presiding by administrative assignment or under exchange of benches. See also *Chavez v. State,* 462 S.W.2d 283 (Tex. Cr.App.1971), and *Floyd v. State,* 488 S.W.2d 830 (Tex.Cr.App.1972).

Similarly, in *Casey v. State,* 519 S.W.2d 859 (Tex.Cr.App.1975), it was held that a notation on the order revoking the defendant's probation, indicating that such action occurred in the 146th District Court, was a clerical error, because the docket sheet resolved that the hearing was actually conducted in the court of conviction, the 169th District Court, with the 146th District Court's presiding judge sitting under an exchange of bench. In *Stephenson v. State,* 500 S.W.2d 855 (Tex.Cr.App.1973), a transfer order from the convicting court to another district court was entered *before* the revocation hearing, in keeping with Art. 42.12, Sec. 5, V.A.C.C.P., but it contained another clerical error. Any error was waived by the defendant's failure to raise the matter during the trial court proceedings.

In the instant case, the order revoking probation and sentence, the docket sheet

2. Hon. Thomas R. Clinton, the duly elected judge of the 99th Judicial District Court, when he was sitting for Judge Bevers of the 72nd Judicial District Court, originally placed the appellant on probation. We observe, however, that in the order of transfer, transferring the cause from the 72nd Judicial District Court to the 237th Judicial District Court, it erroneously states that the appellant received probation in the 99th Judicial District Court.

entries, the order of transferral to the 237th District Court, and the subsequent proceedings in that court affirmatively establish that no exchange of benches occurred during the probation revocation proceedings, nor is it shown that Judge McFall was sitting for Judge Devers, notwithstanding Judge McFall's comments to the contrary. On the other hand, I believe that Judge McFall's comments constitute a sufficient showing that the order transferring jurisdiction to the 237th District Court was not in existence at the time of commencement of the revocation hearing. I therefore would hold that the order revoking appellant's probation may not lawfully stand, in light of Art. 42.12, Sec. 5, V.A.C.C.P.

The language of that statute is mandatory and *jurisdictional* in nature: "Only the court in which the defendant was tried may ... revoke the probation ... unless the court *has transferred jurisdiction* of the case to another court with the latter's consent." (Emphasis added.) The tense of the phrase, "has transferred," in particular, indicates that the transfer must occur prior to, rather than subsequent to, the revocation of probation.

Furthermore, a subsequent sentence in the statute indicates that all proceedings concerning revocation must follow, rather than precede, the order of transfer. The statute decrees: "*Upon transfer,* the clerk of the court of original jurisdiction shall forward a transcript of such portions of the record as the transferring judge shall direct to the court accepting jurisdiction, *which latter court shall thereafter proceed* as if the trial and conviction had occurred in that court."[3] (Emphasis added.) The order of action contemplated by the statute thus appears to be: *first,* an order of transfer with the receiving court's consent, *second,* transmittal of relevant portions of the probationer's transcript, and *third,* only after such

actions are taken, the commencement of revocation "proceedings."

Although I am unable to definitively determine when the transfer order in the instant case was executed, I am satisfied that the "proceedings" were commenced prior to such execution, in violation of the express, mandatory language of the statute, and that this constituted reversible error. The statute does not contain any provision for "ratification" of proceedings already conducted, such as a provision providing for the execution of a transfer order with retroactive effect.

The State implicitly concedes that no transfer order existed prior to the commencement of the proceedings, but argues that no *written* order is required by the statute or by case law for a valid transfer of jurisdiction. I believe this argument has no merit for two reasons. In the first place, Judge McFall's comments indicate that there may have been an informal agreement with the presiding judge of the original court of conviction concerning exchange of benches, but the comments do not, by any stretch of the imagination, indicate the existence of an unwritten order of transfer of jurisdiction, as required by the statute to validate the subsequent proceedings.

Second, I would hold that an order of transfer of jurisdiction must be in writing to be effective. The State cites several cases for the proposition that a written order is unnecessary for transfer of jurisdiction, see *Pendleton v. State,* 434 S.W.2d 694 (Tex.Cr.App.1968) and *Isaac v. State,* 158 Tex.Cr.R. 540, 257 S.W.2d 436 (Tex.Cr.App. 1953). But those cases only hold that no written order is necessary for one duly elected district judge to preside in the court of another, and do not discuss the requirements for a valid transfer of jurisdiction.[4]

---

3. Appellant makes no complaint that portions of his transcript were not provided to the transferee court, and I therefore leave to another day the question of whether failure to make such provision could constitute reversible error.

4. See Art. 5, Sec. 11, Texas Constitution, and Arts. 1916 and 199a, Sec. 2.0002(a), V.A.C.S., regarding exchange of benches and transferral of cases. See also *Bokemeyer v. State,* 624 S.W.2d 909 (Tex.Cr.App.1981), which discusses in part district judges of Lubbock County exchanging benches for one another.

I note that a valid formal written order of transfer is required by Art. 21.26, V.A.C.C.P., for transfer of a case from a district court to an inferior court. See *Hullum v. State,* 415 S.W.2d 192 (Tex.Cr.App.1967) (Opinion on Appellant's Second Motion for Rehearing) (interpreting Art. 419 of the former Code of Criminal Procedure, the predecessor of present Art. 21.26, V.A.C.C.P.). I see no reason to require any less of a transfer between courts of equal jurisdiction. The primary policy consideration involved is the desirability of enabling a probationer to ascertain the court's jurisdiction prior to commencement of proceedings. To permit a trial court to act without any discoverable indicia of jurisdiction over the probationer, except oral assurances which may or may not be followed by a retroactively applied written order, would be to sanction an intolerable uncertainty on the part of such probationers as to the court's jurisdiction to hear evidence and adjudicate the merits of the motion to revoke probation.

Because no written order of transfer of jurisdiction was executed prior to the commencement of the revocation proceedings in the instant case, appellant's ground of error should be sustained, and the cause should be remanded to the 237th District Court, where it was subsequently transferred.

The judgment should be reversed. To the majority's failure to do so, I respectfully dissent.