**Linda White GRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–84–0041–CR.**

Court of Appeals of Texas, Tyler.

Jan. 10, 1985.

Rehearing Denied Feb. 14, 1985.

Robert Johnson, Longview, for appellant.

John Tunnell, Longview, for appellee.

ON MOTION FOR REHEARING

COLLEY, Justice.

We dismissed this appeal for want of jurisdiction by opinion dated December 13,

1984, because Gray's notice of appeal was given one day late. Gray filed a timely motion for rehearing in which she alleged facts which we consider sufficient to show good cause for the one day delay. Our opinion of December 13, 1984, is withdrawn, and we extend the time for giving notice of appeal in this case to January 31, 1985, and the following opinion is substituted for our opinion of December 13, 1984.

On March 28, 1979, Gray was convicted in the 188th Judicial District Court of Gregg County of theft on her plea of guilty before the court. Punishment was assessed at five years confinement. Imposition of sentence was suspended and Gray was placed on probation for a period of five years. On October 31, 1983, the State filed an application to revoke her probation. The State's motion alleged two violations of the conditions of probation fixed by the Judge of the 188th Court. The motion was amended, alleging three additional violations of the conditions of probation. Gray pleaded "not true" to four of the counts and "true" to one of the counts which alleged that she failed to timely pay $76 in court cost. After hearing the motion, *the Judge of the 124th Judicial District Court* of Gregg County revoked Gray's probation and imposed sentence of five years confinement. Gray presents three grounds of error, the first of which alleges that the 124th Court had no jurisdiction to proceed in the revocation proceeding. We agree, and therefore reverse the order revoking probation and remand the cause to the 188th Judicial District Court of Gregg County.

Article 42.12 § 5, Tex.Crim.Proc.Code Ann. (Vernon 1984), reads in pertinent part:

Section 5(a). Only the court in which the defendant was tried may grant probation ... revoke the probation ... unless the court has transferred jurisdiction of the cause *to another court with the latter's consent....*

(b) After a defendant has been placed on probation, *jurisdiction* of the case may be transferred to a court of the same rank in this State having *geograph-*

*ical jurisdiction* where the defendant is residing or where a violation of the conditions of probation occurs. Upon transfer, the clerk of the court of original jurisdiction shall forward a transcript of such portions of the record as the transferring judge shall direct to the court accepting jurisdiction, which latter court shall thereafter proceed as if the trial and conviction had occurred in that court. (Emphasis added.)

Although the transcript in this cause contains a certificate of the District Clerk of Gregg County to the effect that the Honorable Alvin Khoury was sitting "as Judge of the 188th Judicial District Court" no evidence appears in the record showing that the respective judges of the 124th and the 188th Courts of Gregg County had exchanged benches, or that Judge Khoury was sitting in the 188th Court under administrative assignment by the presiding judge of the First Administrative Judicial District. To the contrary, the transcript of the proceeding certified by the clerk contains the following court documents filed in the 124th Court: (1) State's application for revocation; (2) order setting hearing on application for revocation signed by Judge Khoury as Judge of the *124th Court;* (3) State's first amended application to revoke; and (4) order revoking probation signed by Judge Khoury as presiding Judge of *the 124th Court.* Judge Khoury signed an order approving the record herein as Judge of the 188th Court.

The record before us clearly demonstrates that Judge Khoury tried the revocation motion as Judge of the 124th Court, and acting as such Judge revoked Gray's probation. The record is devoid of any order signed by the Honorable Marcus Vascocu, Judge of the 188th Court of Gregg County, transferring the case to the 124th Court, and there is no evidence even remotely suggesting that the two judges exchanged benches.

Section 2.002(a) of art. 199a, TEX.REV. CIV.STAT.ANN. (Vernon Supp.1984), provides that "[i]n any county, in which there are two or more district courts ...." the

judges of such courts have broad and unlimited discretion to transfer civil and criminal cases to the other's court and to exchange "benches or districts from time to time." Section 2.002(c) of said article expressly provides that in the event of the "absence, sickness ... of any of the judges, any other of the judges may hold court for him." It is quite obvious that the legislature granted with great liberality, authority to such judges to transfer cases, and exchange benches when necessary and expedient to do so in order to dispose of the judicial business in such counties. It is also apparent from a reading of the cited article that the jurisdictional integrity of each such district court governed by section 2.002 was preserved. Section 2.002(a) and (c) requires, except with respect to pretrial motions, petitions for injunction, appointments of receivers, interventions, pleas of privilege, pleas in abatement, and all dilatory pleas, motion for new trial and all preliminary matters, questions and proceedings, either a transfer or exchange of benches before one judge may hold court, or sit for another judge or in a court other than his own.

In *Davila v. State,* 651 S.W.2d 797, 799 (Tex.Cr.App.1983), Judge Onion writing for the court stated that district judges may exchange benches without a written (formal) order, citing *inter alia*, TEX. CONST. art. V, § 11, Tex.Rev.Civ.Stat.Ann. art. 1916 (Vernon 1964), and The Judicial Districts Act, section 2.002(a) of art. 199a, *supra.* This case is quite distinguishable from *Davila* on its facts. Here, there is not a shred of evidence even suggesting that Judge Vascocu, the regularly elected judge of the 188th Court agreed formally or otherwise to exchange benches with Judge Khoury, or that Judge Vascocu was absent or ill. There is no order transferring this cause from the 188th Court to the 124th Court, nor is there any evidence that Judge Khoury was sitting as Judge of the 188th Court under assignment by the presiding judge of the First Administrative Judicial District pursuant to the provisions of section 5a of TEX.REV.CIV.STAT.ANN. art. 200a (Vernon Supp.1984).

Under the record we conclude that the revocation motion was tried by Judge Khoury in his own 124th Court, and he was not purporting to sit as Judge of the 188th Court. Since there was no order transferring the case to his court, nor any exchange of benches as authorized by the statutes and constitutional provisions hereinabove referred to, we conclude that the 124th Court was without jurisdiction to hear and determine the motion. Art. 42.12 section 5, Tex.Crim.Proc.Code Ann. Gray's first point of error is sustained, and the order of revocation is reversed and this cause is remanded to the 188th District Court of Gregg County.