Opinion filed June 23,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00188-CR 

                                                    __________

 

                        VICTOR
ANDREW FIORENTINI, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 42nd District Court

 

                                                            Taylor
County, Texas

 

                                                   Trial
Court Cause No. 23189-A 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Victor Andrew Fiorentini of the offense of assault on a public
servant.  The trial court assessed appellant’s punishment at confinement for
two years and a $1,500 fine, suspended the imposition of the sentence, and
placed appellant on community supervision for a period of three years.  We
affirm.

Issues
on Appeal

            Appellant
does not challenge the sufficiency of the evidence to support his conviction.  
Appellant presents two issues for review.  In his first issue, appellant contends
that his conviction is invalid and violated his right to due process of law because
the State withheld evidence from him in violation of Brady v. Maryland,
373 U.S. 83 (1963).  In his second issue, he contends that his conviction is
invalid because the State altered or tampered with the audio portion of the
video recording that was used as evidence against him at trial.

The
Indictment

            The
two-count indictment alleged that appellant assaulted Abilene Police Officer
Aron Bryan.  Count I alleged that appellant grabbed Officer Bryan’s foot with
his hand and twisted her foot.  Count II alleged that appellant struck Officer
Bryan on her face with his hand.

The
Evidence at Trial

            We
have reviewed the record in its entirety.  The record shows that, in 2007,
appellant and his wife, Denise, lived in a house at 633 Sayles Boulevard in
Abilene, Texas.  Their son, Anthony Fiorentini, lived with them.  On November
9, 2007, appellant and Denise got into an argument.  During the argument,
appellant pulled out a gun and held it to his head.  Denise called the police. 
Appellant was arrested for disorderly conduct and spent the night in jail.  Denise
and Anthony left the house and stayed with a friend.

            On
November 11, 2007, Denise and Anthony wanted to get some personal items from
the house at 633 Sayles.  Because she feared appellant, Denise called the
police and requested that the police perform standby while she and Anthony
retrieved personal items from their house. Officer Bryan and Abilene Police
Officers Cortney Bailey and Joe Long arrived at the scene to perform the
standby.  Denise and Anthony could not get into the house through the front
door because appellant had barred it.  They also could not get into the house
through the garage because appellant had locked the garage door.  Denise and
Anthony, followed by the officers, entered the backyard through a gate.  Appellant
was sitting in a chair at a table on the back porch.  He was drinking whiskey
and smoking a cigar.  He was intoxicated.  By his own admission, he had
consumed about fifteen ounces of whiskey in the last four hours.

            Denise
and Anthony entered the house through the back sliding glass doors.  The
officers stayed in the backyard.  Officer Bailey explained to appellant why the
officers were there.  She told him that the officers would leave as soon as
Denise and Anthony gathered their belongings from the house.  Appellant became
verbally abusive and aggressive toward the officers.  The officers told appellant
to remain seated and again explained to appellant that the officers would leave
as soon as Denise and Anthony gathered their belongings.  Appellant continued
with his verbal abuse.  He threw his cigar at Officer Bryan and got out of his
chair.  Appellant did not comply with Officer Bryan’s command to sit back down.

            Officer
Bryan was standing in between appellant and the sliding glass doors.  Appellant
approached Officer Bryan.  Officer Bryan told appellant to sit back down, but
he would not.  Appellant attempted to shove her out of the way.  Officer Bryan
testified that appellant then punched her in the left side of her head with his
right fist.  As a result of the punch, Officer Bryan stumbled backwards.  Officer
Bailey pepper sprayed appellant, and the officers attempted to arrest him.  The
pepper spray did not affect appellant.  Appellant grabbed Officer Bryan around her
waist with both of his arms and brought her to the ground.  Appellant landed on
top of Officer Bryan.  Officer Bryan’s right leg was pinned under appellant.  Officer
Bryan testified that appellant grabbed her right foot in a bear hug and then
began twisting it.  The officers repeatedly told appellant to let go of Officer
Bryan’s leg, but he would not.  Instead, appellant continued to twist Officer
Bryan’s foot.

            Officer
Bryan thought that appellant was breaking her foot.  She was screaming and in
extreme pain.  Officer Long and Officer Bailey began to hit appellant in an attempt
to make him let go of Officer Bryan’s foot.  Officer Long hit appellant in the
torso area, and Officer Bailey hit him in the face. Officer Long testified
that, with each hit, he told appellant to let go of Officer Bryan.  However,
appellant did not comply with the commands.  Officer Bailey stopped hitting
appellant and then tried to help Officer Bryan free her leg.  Officer Long began
punching appellant in the face.  After Officer Long hit appellant several
times, Officer Bryan was able to free her leg from appellant.  Officer Long
testified that, once Officer Bryan freed her foot, he stopped hitting
appellant.  The officers arrested appellant and placed him in handcuffs.  Officer
Bryan and appellant were both taken to the hospital for treatment. 

            Through
the testimony of the officers, the State presented detailed evidence supporting
the allegations in the indictment.  The State also introduced into evidence audio
recordings that were made during the incident.  The audio evidence was
consistent with the officers’ testimony.  Appellant claimed at trial that he
did not assault Officer Bryan but that, instead, the officers made up the story
that he had assaulted her in an attempt to justify the amount of force that they
used on him during the altercation.  Appellant also claimed that the officers
beat him up to retaliate against him because he had taken four officers to the
ground during the earlier incident in which he was arrested for disorderly
conduct.  Appellant testified in support of his claims.  Anthony testified that
he saw the altercation between appellant and the police from inside the house. 
Anthony also testified that appellant did not assault Officer Bryan.

            Although
appellant does not attack the sufficiency of the evidence, a substantial part of
his brief is devoted to attacking the credibility of the officers’ testimony.  As
the trier of fact, the jury was the sole judge of the credibility of the
witnesses and of the weight to be given to their testimony.  Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).  In that role, the jury was free to
believe or disbelieve all or any part of any witness’s testimony.  Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  Thus, the jury was free
to believe the officers’ testimony and to disbelieve appellant’s and his son’s
testimony.  Id.  As demonstrated by its verdict, the jury believed the
officers and rejected appellant’s claims.

Brady
Issue 

            Before
an accused may succeed in showing a Brady violation, he must show that
(1) the evidence is favorable to him because it is exculpatory or impeaching,
(2) the State suppressed the evidence either inadvertently or willfully, and
(3) the suppression of the evidence resulted in prejudice (i.e. that it was
material).  Ex parte Reed, 271 S.W.3d 698, 726-27 (Tex. Crim. App.
2008).  Evidence is material only if there is a reasonable probability that,
had the evidence been disclosed to the defense, the result of the proceeding
would have been different.  Id. at 727.  A reasonable probability is one
that is sufficient to undermine confidence in the outcome of the case.  Id.

            The
record shows that, during trial, the State provided appellant’s counsel with a narrative
report that had been prepared by Officer Bailey.  However, that report was not
introduced into evidence and did not become a part of the trial record.  On
appeal, appellant claims that the State failed to disclose Officer Bailey’s
actual report and that the report produced at trial was an altered version of
the actual narrative.     

            Appellant
has attached copies of two narrative reports as appendixes to his appellate
brief.  He contends that the report attached as appendix 1 is the false
document that was produced during trial and that the report attached as
appendix 2 is the actual report on file at the Abilene Police Department.[1] 
Appellant did not raise a Brady claim in the trial court.  He did not
file a motion for new trial.  He did not present any evidence to the trial
court in support of a Brady claim.  Thus, the reports attached as
appendixes to appellant’s brief are not part of the trial record.  Because the
reports are outside the record, we cannot consider them for the purpose of this
appeal.[2] 
Whitehead v. State, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).  While appellant
asserts in his appellate brief that the State produced the narrative attached as
appendix 1 to his brief and that the narrative attached as appendix 2 to his
brief is the actual narrative, assertions in appellate briefs are not
evidence.  Davila v. State, 651 S.W.2d 797, 799 (Tex. Crim. App. 1983); Rodriguez
v. State, 955 S.W.2d 171, 176 (Tex. App.—Amarillo 1997, no pet.).  The
record contains no evidence as to (1) which narrative report or reports the
State produced at trial and (2) whether the State withheld production of a
report.  In the absence of such evidence, appellant cannot show that the State
withheld any evidence that was favorable to him.  Therefore, appellant cannot
prevail on his Brady claim.

            Appellant
cannot succeed on his Brady claim for an additional reason.  We will
assume for the purpose of our analysis that we can consider the appendixes to
appellant’s brief.  The narrative attached as appendix 1 and the narrative
attached as appendix 2 are almost identical.  Both narratives are one page
long.  The narratives describe in detail the altercation between appellant and
the officers.  The narratives state, among other things, that appellant punched
Officer Bryan in the left side of her head with his right fist and that Officer
Bryan’s leg was pinned under appellant when he was on the ground.  The only
differences in the narratives are shown in italics below:

[Appendix 1]: 
[Appellant] was repeatedly told to let go of Officer Bryan’s leg and would not
comply.  [Appellant] began grabbing at the gear on my belt with his free hand
which would be his right hand.  He also grabbed my right hand and pulled
it back under him to try to pin it.

 

[Appendix 2]:  [Appellant]
was repeatedly told to let go of Officer Bryan’s leg and would not comply.  [Appellant]
began grabbing at the gear on my belt with his free hand which would be his
right hand.  I took hold of two fingers on his right hand to maneuver his
hand away from me.  He then grabbed my right hand with his left
hand and pulled it back under him to try to pin it.

 

            Appellant
claims that the statement that he grabbed Officer Bailey’s right hand with his
left hand contradicts the officers’ testimony that he continued to twist Officer
Bryan’s foot with his left hand.  Therefore, appellant claims that he could
have impeached the officers’ testimony with the statement.  The fact that
appellant may have let go of Officer Bryan’s foot with his left hand at some
point during the struggle would not mean that he did not twist it at other
times.  Nor would it mean that Officer Bryan would have been able to free her
leg from underneath appellant’s body.  The officers testified that Officer
Bryan’s leg was pinned under appellant while he was on the ground.  Officer
Bryan said that appellant had her right foot in a bear hug. She also said that
appellant started twisting her foot and that it felt like he was breaking it.  Considering
all the evidence at trial, we conclude that the possibility appellant was not
twisting Officer Bryan’s foot with his left hand for the entire duration of the
altercation was not material evidence.  Appellant’s first issue is overruled.

Audio
Recording

            In
his second issue, appellant contends that the State altered or tampered with
the audio portion of the recording that was admitted into evidence as State’s
Exhibit No. 29.  This exhibit is a DVD copy of three videos that were recorded
by equipment in patrol cars.  The DVD contains audio and video.  Appellant
asserts that the State altered the audio portion of his altercation with the
officers.  The video does not show the altercation; the patrol car was parked
on the street in front of appellant’s house.  The altercation occurred in
appellant’s backyard.  Appellant contends that proof of tampering is evidenced
by the fact that, during the audio recording, Officer Bryan made a radio call
requesting that more units be sent to the scene while simultaneously screaming,
“Let go of me!”  Appellant asserts that the scream was not on the original
audio and was added after the fact.

            At
trial, appellant contended that the audio recording did not depict what
actually happened between the officers and him.  Appellant claimed that the officers
made false statements during the altercation so that the audio recording would
support their version of events.  However, appellant did not object to the
admission of the audio at trial.  To preserve error for appellate review, the
complaining party must make a timely, specific objection in the trial court and
obtain a ruling on the objection.  Tex.
R. App. P. 33.1(a); Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002); Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App.
1995).  Appellant did not preserve any error in the admission of the audio for
review.  Once the audio recording was admitted into evidence, it was within the
province of the jury to evaluate the credibility of the officers’ statements in
the recording.  Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App.
2007).  An appellate court may not reevaluate the weight and credibility of the
record evidence and thereby substitute its judgment for that of the jury. Id. 
Because appellant failed to preserve error, he cannot succeed on his second appellate
issue.  

            However,
even had appellant preserved error, the result would not be different on
appeal.  Appellant did not present evidence, such as expert testimony, in
support of his claim that the State altered or tampered with the audio
recording.  During Officer Bailey’s testimony, parts of the audio were played. 
When asked about the audio, Officer Bailey identified herself as the person saying
“let go of me” at one point during the altercation.  The record does not
support appellant’s claim that the State added anything to the audio recording after
the fact.  Appellant’s conviction is not invalid.  His second issue is
overruled.  

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

 

                                                                                                PER
CURIAM

 

June 23, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel[3]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[4]

 









                [1]In the body of his brief, appellant refers to the
reports as appendixes A and B to his brief.  However, they are attached to the
brief as appendixes 1 and 2, and we will refer to them as appendixes 1 and 2.  


 





                [2]The
State has filed a motion to strike the narratives from the appellate record.  
In an order issued today, June 23, 2011, we have granted the State’s motion
because the narratives are not part of the record. 

   





[3]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[4]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.