COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 LAFONDA GRAY,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00002-CR
  
                          Appeal from
  
 120th District
 Court
  
 of EL Paso County,
 Texas
  
 (TC # 20050D04533)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

Lafonda Gray appeals his conviction of possession of less than one gram
of cocaine.  We affirm.

FACTUAL SUMMARY

            In 2005, a grand jury indicted Appellant
for possession of less than one gram of cocaine.  Appellant later waived his right to a jury
trial and entered a negotiated plea of guilty. 
he trial court found the evidence sufficient to substantiate Appellant’s
guilt but deferred finding him guilty and placed him on deferred adjudication
community supervision for five years.  The
State filed a motion to adjudicate alleging that Appellant had on April 16,
2010 committed the offenses of possession of marihuana and cocaine in violation
of the terms and conditions of probation. 
In 2010, a grand jury indicted Appellant for possession of less than one
gram of cocaine (cause number 20100D01838). 
A jury found Appellant guilty as charged in the indictment in cause
number 20100D01838.  During the
punishment phase of that case, the trial court also heard the motion to
adjudicate.  The court found that
Appellant violated the terms and conditions of probation as alleged in the
motion to adjudicate and sentenced him to serve twenty-four months in the state
jail.  

REVOCATION OF COMMUNITY SUPERVISION

            In his sole issue, Appellant argues
that the trial court’s judgment adjudicating guilt should be reversed because
he was acquitted of the possession of marihuana charge (cause number
20100C04142).  

The Standard of Review

 We review the trial court’s decision to revoke
community supervision for an abuse of discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006).  The trial court does not abuse its discretion
if the order revoking community supervision is supported by a preponderance of
the evidence; in other words, the greater weight of the credible evidence would
create a reasonable belief that the defendant has violated a condition of his
probation.  Rickels, 202 S.W.3d at 763-64.  In conducting our review, we view the evidence
in the light most favorable to the trial court’s ruling.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). We also defer to the
trial court’s resolution of disputed facts and to any reasonable inferences
which can be drawn from those facts.  Cantu v. State, 253 S.W.3d 273, 282
(Tex.Crim.App. 2008).  If a single ground
for revocation is supported by a preponderance of the evidence and is otherwise
valid, then an abuse of discretion is not shown.  Sanchez
v. State, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); Gordon v. State, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.).




 

Analysis

            The State first responds that the
record does not support Appellant’s claim that he was acquitted of the
marihuana charge.  In his reply brief,
Appellant alleges that the possession of marihuana charge was dismissed on June
3, 2011 because he had been convicted in in cause number 20100D01838.  Appellant’s brief does not contain any record
references where it is shown that the possession of marihuana charge was
dismissed.  See Tex.R.App.P. 38.1(g),
(i).  Since that case was allegedly
dismissed approximately eight months after the revocation hearing and six
months after the clerk’s record was filed in this case, Appellant’s argument is
necessarily based on facts outside of the appellate record.  Generally, an appellate court cannot review contentions
which depend upon factual assertions outside of the record.  Janecka
v. State, 937 S.W.2d 456, 476 (Tex.Crim.App. 1996).  In criminal cases, assertions of fact in an
appellate brief unsupported by the record cannot be accepted as fact.  Davila
v. State, 651 S.W.2d 797, 799 (Tex.Crim.App. 1983); see Tex.R.App.P.
38.1(g)(“In a civil case, the court will accept as true the facts stated unless
another party contradicts them.”).  Given
that the appellate record does not support Appellant’s factual assertions
regarding the dismissal of the possession of marihuana charge (cause number
20100C04142), we will not address the argument raised on appeal.  

            The State also asserts that Appellant
stipulated to the factual predicate for each of the four revocation
grounds.  At the revocation hearing, the State
introduced into evidence two written stipulations signed by Appellant and his
attorney.  The first stipulation
established Appellant’s identity and the terms and conditions of probation
alleged to have been violated.  The
second stipulation reflected that Appellant, on April 16, 2010, committed the
offenses of possession of less than two ounces of marihuana and possession of
less than one gram of cocaine.  A
stipulation is a judicial admission which removes the need for proof of the
stipulated facts.  Bryant v. State, 187 S.W.3d 397, 400-02 (Tex.Crim.App. 2005).  By entering into these stipulations, Bryant
waived his right to put the State to the proof required by its motion to adjudicate
and he is precluded from complaining on appeal that the State failed to prove
any of the grounds for adjudication.  See Bryant, 187 S.W.3d at 400-02 (by
stipulating to two prior convictions for driving while intoxicated (DWI),
defendant waived any right to contest the absence of proof on stipulated
element in prosecution for felony DWI; he could not argue that the State failed
to prove its case on an element to which he had stipulated).  Because Appellant stipulated that he violated
the terms and conditions of community supervision, the trial court did not
abuse its discretion by revoking community supervision and adjudicating
Appellant’s guilt.  We overrule the sole
issue presented on appeal and affirm the judgment of the trial court. 

 

 

July 25, 2012                                       ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Antcliff, J., not participating)

 

(Do Not Publish)