COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                          | §   |                          |
| ------------------------ | --- | ------------------------ |
| LAFONDA GRAY,            | §   | No. 08-11-00001-CR       |
|                          | §   |                          |
| Appellant,               | §   | Appeal from              |
|                          | §   |                          |
| v.                       | §   | 120th District Court     |
|                          | §   |                          |
| THE STATE OF TEXAS,      | §   | of EL Paso County, Texas |
|                          | §   |                          |
| Appellee.                | §   | (TC # 20050D05755)       |

## O P I N I O N

Lafonda Gray appeals his conviction of possession of more than one gram but less than four grams of cocaine. We affirm.

## FACTUAL SUMMARY

In 2005, a grand jury indicted Appellant for possession of more than one gram but less than four grams of cocaine. Appellant later waived his right to a jury trial and entered a negotiated plea of guilty. The trial court found the evidence sufficient to substantiate Appellant's guilt but deferred finding him guilty and placed him on deferred adjudication community supervision for ten years. The State filed a motion to adjudicate alleging that Appellant had on April 16, 2010 committed the offenses of possession of marihuana and cocaine in violation of the terms and conditions of probation. In 2010, a grand jury indicted Appellant for possession of less than one gram of cocaine (cause number 20100D01838). A jury found Appellant guilty as charged in the indictment in cause number 20100D01838. During the punishment phase of that case, the trial court also heard the motion to adjudicate. The court found that Appellant violated the terms and conditions of probation as alleged in the motion to

adjudicate and sentenced him to serve a four year term of imprisonment.

## REVOCATION OF COMMUNITY SUPERVISION

In his sole issue, Appellant argues that the trial court's judgment adjudicating guilt should be reversed because he was acquitted of the possession of marihuana charge (cause number 20100C04142).

*The Standard of Review*

We review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his probation. *Rickels*, 202 S.W.3d at 763-64. In conducting our review, we view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). We also defer to the trial court's resolution of disputed facts and to any reasonable inferences which can be drawn from those facts. *Cantu v. State*, 253 S.W.3d 273, 282 (Tex.Crim.App. 2008). If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Gordon v. State*, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.).

*Analysis*

The State first responds that the record does not support Appellant's claim that he was acquitted of the marihuana charge. In his reply brief, Appellant alleges that the possession of marihuana charge was dismissed on June 3, 2011 because he had been convicted in in cause number 20100D01838. Appellant's brief does not contain any record references where it is shown that the possession of marihuana charge was dismissed. *See* TEX.R.APP.P. 38.1(g), (i). Since that case was allegedly dismissed approximately eight months after the revocation hearing and six months after the clerk's record was filed in this case, Appellant's argument is necessarily based on facts outside of the appellate record. Generally, an appellate court cannot review contentions which depend upon factual assertions outside of the record. *Janecka v. State*, 937 S.W.2d 456, 476 (Tex.Crim.App. 1996). In criminal cases, assertions of fact in an appellate brief unsupported by the record cannot be accepted as fact. *Davila v. State*, 651 S.W.2d 797, 799 (Tex.Crim.App. 1983); *see* TEX.R.APP.P. 38.1(g)("In a civil case, the court will accept as true the facts stated unless another party contradicts them."). Given that the appellate record does not support Appellant's factual assertions regarding the dismissal of the possession of marihuana charge (cause number 20100C04142), we will not address the argument raised on appeal.

The State also asserts that Appellant stipulated to the factual predicate for each of the four revocation grounds. At the revocation hearing, the State introduced into evidence two written stipulations signed by Appellant and his attorney. The first  stipulation established Appellant's identity and the terms and conditions of probation alleged to have been violated. The second stipulation reflected that Appellant, on April 16, 2010, committed the offenses of possession of less than two ounces of marihuana and possession of less than one gram of cocaine. A stipulation is a judicial admission which removes the need for proof of the stipulated

facts.  *Bryant v. State*, 187 S.W.3d 397, 400-02 (Tex.Crim.App. 2005).  By entering into these stipulations, Bryant waived his right to put the State to the proof required by its motion to adjudicate and he is precluded from complaining on appeal that the State failed to prove any of the grounds for adjudication.  *See Bryant*, 187 S.W.3d at 400-02 (by stipulating to two prior convictions for driving while intoxicated (DWI), defendant waived any right to contest the absence of proof on stipulated element in prosecution for felony DWI; he could not argue that the State failed to prove its case on an element to which he had stipulated).  Because Appellant stipulated that he violated the terms and conditions of community supervision, the trial court did not abuse its discretion by revoking community supervision and adjudicating Appellant's guilt. We overrule the sole issue presented on appeal and affirm the judgment of the trial court.


July 25, 2012                                  _____
                                               ANN CRAWFORD McCLURE, Chief Justice


Before McClure, C.J., Rivera, and Antcliff, JJ.
(Antcliff, J., not participating)

(Do Not Publish)