**Linda White GRAY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 285–85.**

Court of Criminal Appeals of Texas, En Banc.

April 9, 1986.

Robert G. Johnson, Longview, for appellant.

Carter Beckworth, Dist. Atty. & John W. Tunnell, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of theft upon a plea of guilty. Punishment was assessed at five years confinement in the Texas Department of Corrections, probated for five years. Subsequently, appellant's probation was revoked. The Twelfth Court of Appeals reversed the revocation order, holding that the trial court lacked jurisdiction. *Gray v. State*, No. 12–84–0041–CR (Tex. App. — Tyler January 10, 1985) (Opinion on Rehearing). We granted the State's petition for discretionary review to determine whether the trial court had jurisdiction to hold a revocation hearing. We will reverse the Court of Appeals.

Appellant was charged by indictment in the *124th* District Court [1] for Gregg County with having committed the offense of theft over $200.00 but less than $10,000.00. See V.T.C.A. Penal Code, § 31.03(d)(4)(A) (Supp.1983). On March 28, 1979, in the *124th* District Court, Judge David Moore signed an order granting appellant probation. The order contains a heading listing the *124th* District court as the court of jurisdiction. On the same day, Judge Moore signed a judgment assessing punishment and an order suspending imposition of sentence and placing appellant on probation. The top of this judgment contains a heading that reads: "MINUTES OF THE *188th* JUDICIAL DISTRICT COURT OF GREGG COUNTY, TEXAS".

On October 25, 1983, Judge Alvin Khoury, presiding judge of the *124th* District Court, signed an order for the arrest of appellant for violation of the terms and conditions of her probation. The State filed an application for revocation of probation in the *124th* District Court. [2] On January 13, 1984, in the *124th* District Court, Judge Khoury signed an order revoking appellant's probation and sentencing her.

Appellant filed a notice of appeal in the *188th* District Court claiming an appeal from Judge Khoury's January 13th order revoking probation in the *124th* District Court. Appellant then filed a designation of the record in the *124th* District Court. The order approving the record has the *188th* typed into the caption and is signed by Judge Khoury, presiding judge.

The Court of Appeals held that Judge Khoury was without jurisdiction to revoke appellant's probation since the record did not reflect a valid transfer order *from the 188th District Court to the 124th District Court.* See Art. 42.12, § 5(a) V.A.C.C.P., (only the court in which defendant was tried may revoke probation, unless case transferred). The State argues that the trial court properly had jurisdiction over appellant because jurisdiction was vested in the *124th* District Court throughout all proceedings. The State explains the presence of notations designating the *188th* District

---

1. All emphasis supplied by the writer of this opinion unless otherwise indicated.

2. The State later filed an amended motion to revoke appellant's probation in the 124th District Court.

Court in the court documents as clerical errors. We agree.

The record plainly reflects that the indictment in this cause was filed in the 124th District Court of Gregg County, not the 188th District Court of Gregg County. As a result, jurisdiction vested in the 124th District Court. Art. 4.12 V.A.C.C.P.[3] Thus, from the face of this record, we begin with the premise that jurisdiction was properly in the 124th District Court.

The order granting probation properly indicates that the proceeding took place in the 124th District Court. While it is true that the judgment seems to indicate that the proceeding took place in the 188th District Court, the only reasonable explanation for the contradictory heading on the judgment, in light of the headings on all other critical documents, is clerical error.[4] *Casey v. State,* 519 S.W.2d 859, 861 (Tex.Cr.App. 1975) (notations on order revoking probation indicating 146th District Court were clerical error in light of contrary docket sheet entries). Therefore, we find that all proceedings were held in the 124th District Court.

Having determined that jurisdiction was properly in the 124th District Court and that the subsequent proceedings were held in the 124th District Court, we need not decide whether a valid transfer was effected. Indeed, it was improper for the Court of Appeals to reverse the instant case on that basis.

The judgment of the Court of Appeals is reversed. The trial court's judgment is ordered reformed so as to reflect that it was entered in the 124th District Court. This cause is remanded for consideration of appellant's remaining grounds of error.

CLINTON, J., dissents.

**3.** Article 4.16, supra, provides:
When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction except as provided in Article 4.12.
[Article 4.12 deals with misdemeanors].

TEAGUE, Judge, dissenting.

This Court should never expressly, or implicitly, overturn any law simply to affirm a conviction or to accommodate some county of this State.

Today, however, under the guise of clerical error, an aggressive and assertive majority of this Court makes an exception for Gregg County. I fear what exception the aggressive and assertive majority might create tomorrow. Nevertheless, Brewster and Loving Counties, please be patient as the aggressive and assertive majority will get to your counties in due time.

Recently, an aggressive and assertive majority of this Court held that the legal phrase "term of court" had no meaning in our law. See *Ex parte Williams,* 704 S.W.2d 773 (Tex.Cr.App., 1986) (Teague, J., dissenting opinion). Today, under the guise of clerical error, the aggressive and assertive majority proceeds to abolish the need in Gregg County for transfer orders, formal or informal, between its respective district courts.

The author of the majority opinion is badly mistaken when he states that there is clerical error in the judgment in this cause and clerical error in the order of the trial judge approving the record on appeal.

The parties in this cause inform us through their briefs that the indictment against Linda White Gray, hereinafter referred to as the appellant, was returned on January 28, 1979, to the 124th Judicial District Court of Gregg County. Judge David Moore was then the duly elected judge of that court. He was thereafter succeeded by Judge Alvin Khoury, who is still the judge of that court. On March 28, 1984, Judge Moore, while sitting as the presiding judge of the 188th Judicial District Court of Gregg County, granted the appellant probation. The State, in its brief on ap-

**4.** A nearly identical error occurred on court documents from Gregg County at least once before. *Stephenson v. State,* 500 S.W.2d 855 (Tex.Cr.App.1973) (reference to 188th District Court on transfer order "clearly in error according to all other entries in the record including the order ... revoking probation").

peal, puts it this way: "It should further be noted that the Appellant was originally tried before JUDGE DAVID MOORE of the 124th Judicial District Court sitting in the 188th Judicial District Court." However, the record does not reflect how the case got to the 188th Judicial District Court, which omission I find causes the author of the majority opinion to commence hypothesizing, resulting in many erroneous conclusions.

The judgment of conviction correctly reflects that the appellant's conviction occurred in the 188th Judicial District Court, and the appellant makes no complaint about the case being assigned to the 188th Judicial District Court. Her complaint goes to the lack of anything in the record to show that her case was lawfully transferred from the 188th Judicial District Court to the 124th Judicial District Court, in which her probation was revoked.

After granting the appellant probation in the 188th Judicial District Court, Judge Moore, apparently forgetting that he was then sitting as the judge of the 188th Judicial District Court, caused the clerk to have the records reflect that the appellant had been granted probation in the 124th Judicial District Court. This is the real gravamen that causes the author of the majority opinion to commence his travels in the wrong direction.

The appellant contended on appeal that because no formal or informal order transferring her case from the 188th Judicial District Court to the 124th Judicial District Court ever existed, this caused Judge Khoury, the duly elected judge of the 124th Judicial District Court, not to have jurisdiction to hear and determine the State's motion to revoke. She is correct.

The Tyler Court of Appeals correctly agreed with the appellant and reversed the order of revocation. However, what the Court of Appeals also should have done was to urge this Court to expressly overrule the panel majority opinion of *Davila v. State*, 651 S.W.2d 797 (Tex.Cr.App.1983), which gave a strained construction and interpretation of the facts of that cause.

Fortunately for the bench and bar the majority opinion does not mention *Davila*, supra, but I will.

*Davila*, supra, erroneously held, notwithstanding the clear and express language of Art. 42.12, Section 5, V.A.C.C.P., that in a county having two or more district courts, a formal transfer order need not be extant if a judge of one of the district courts, in whose court the defendant was not granted probation, hears and determines a State's motion to revoke a defendant's probation. For the reasons stated in the dissenting opinion that I filed in *Davila*, supra, this holding flies in the face of Art. 42.12, Section 5, supra. *Davila*, supra, should be expressly overruled.

Notwithstanding the fact that *Davila*, supra, was wrongly decided, it can easily be distinguished from this cause. In this cause, there is no evidence whatsoever of even an informal agreement between Judge Vascocu, who was then and is now the duly elected judge of the 188th Judicial District Court, and Judge Khoury, who is now the duly elected judge of the 124th Judicial District Court, that Judge Khoury could hear and decide the State's motion to revoke the appellant's probation. Because of this omission in the record, Judge Khoury lacked jurisdiction to hear and decide the State's motion to revoke the appellant's probation, and the Tyler Court of Appeals so held.

The decision of the Tyler Court of Appeals is correct. The majority opinion of this Court incorrectly reverses the judgment of that court, to which decision I respectfully dissent.