

# NUMBER 13-23-00367-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **GUADALUPE GAMEZ JR.,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

## On appeal from the 24th District Court
## of DeWitt County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Chief Justice Contreras**

The trial court revoked appellant Guadalupe Gamez Jr.'s community supervision and adjudicated him guilty for the underlying offense. On appeal, Gamez argues that his judgment of conviction is "void" because it (1) did not credit him with all the days he served in jail prior to his conviction and (2) directed him to pay attorney's fees that were not ordered by the trial court. We reverse and remand in part and affirm as modified in part.

## I.   BACKGROUND

On November 5, 2018, Gamez pleaded guilty to delivery of a controlled substance in the amount of less than one gram, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(b). Pursuant to a plea agreement, the trial court deferred adjudication of guilt and placed Gamez on community supervision for three years. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.101. On October 4, 2021, the State filed a motion to adjudicate guilt and revoke community supervision.

After numerous resets, the trial court held a hearing on the motion on May 23, 2023. The State alleged that Gamez violated multiple conditions of his community supervision, including committing another criminal drug possession offense on August 17, 2021; visiting Victoria County without permission on August 17, 2021; and failing to pay the monthly court-ordered "restitution payment," "supervisory fee," "fine payment," "court cost payment," and "attorney fee payment" for various months ranging from 2018 to 2021. Jeff Pozzi, Gamez's community supervision supervisor, testified that Gamez was arrested on May 29, 2019, for assaulting a family member and, as a violation of his community supervision, he was sanctioned with ten days in jail.

Gamez pleaded true to the allegations in the State's motion to revoke. The trial court found the allegations to be true, convicted Gamez of the controlled substance offense, and sentenced him to the statutory maximum of two years' imprisonment. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(b). This appeal followed.

2

## II. DISCUSSION

Gamez argues that his judgment of conviction is "void" because the judgment (1) did not credit Gamez with the correct amount of time spent in jail prior to his conviction, and (2) included attorney's fees that were not ordered by the trial court.

### A. Standard of Review & Applicable Law

In state jail felony cases, the trial court has discretion to credit the defendant's pre-trial jail time to the defendant's sentence. TEX. CODE CRIM. PROC. ANN. art. 42A.559(c)(1) (stating that a judge "may credit against any time a defendant is required to serve in a state jail felony facility time served in a county jail from the time of the defendant's arrest and confinement until sentencing by the trial court"). However, the court of criminal appeals has held that indigent defendants who are sentenced to the statutory maximum must receive pre-trial jail credit. *See Ex parte Harris*, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997). Additionally, the Court has held that the trial court is required to credit a defendant with jail time served while awaiting a community supervision revocation hearing, regardless of indigency status or sentence length. *See Ex parte Bates*, 978 S.W.2d 575, 578 (Tex. Crim. App. 1998) (applying TEX. CONST. art. I, § 19).

Generally, "[a] judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered." *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) (citing *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980)). However, regardless of whether a nunc pro tunc judgment was entered in the trial court, we may correct a clerical error for time credited towards a defendant's sentence when the record clearly shows that the defendant is entitled to the alleged days of credit. *See In re L.G.G.*, 398 S.W.3d 852, 863

3

(Tex. App.—Corpus Christi–Edinburg 2012, no pet.) ("[An] appellate court is permitted to correct the clerical error in the amount of time credit awarded, notwithstanding the fact that no motion for judgment nunc pro tunc was filed in the trial court."); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

**B.    Void Judgment**

As a threshold matter, we first address Gamez's argument that the judgment is rendered void due to the alleged errors and therefore this Court should issue an acquittal, or reverse and remand the cause for a new revocation hearing. The State argues the judgment is not void but concedes that the trial court judgment contains error.

A void judgment is a judgment "accorded no respect due to a complete lack of power to render the judgment in question." *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). A void judgment occurs only "in very rare situations," such as

> when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright*.

*Id.* at 668 (internal citations omitted).

Gamez argues the alleged errors in the trial court's judgment are "material" but does not argue that the errors fall under any of these categories. *See id.* He cites *Gray v. State*, 707 S.W.2d 607 (Tex. Crim. App. 1986), for the authority that "[a] clerical error may be sufficient to void a judgment." However, *Gray* does not stand for this proposition. *See id.* at 608–09. *Gray* involved an error in the defendant's notice of appeal. *Id.* at 608. The

4

defendant filed his notice of appeal in the 124th District Court for Gregg County, but the caption in the document stated the "188th District Court." *Id.* The presiding judge of the 124th District Court issued a judgment, but on appeal, the court of appeals held that the 124th District Court did not have jurisdiction because the "record did not reflect a valid transfer order from the 188th District Court to the 124th District Court." *Id.* (emphasis omitted). The court of criminal appeals reversed, holding that the error in the notice of appeal was "clerical" and that the 124th District Court had jurisdiction over the defendant's case. *Id.* at 609.

Like *Gray*, the judgment in this case merely contains alleged clerical errors. *See Rodriguez v. State*, 42 S.W.3d 181, 186 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) ("An error is clerical in nature if it did not come about as the product of judicial reasoning." (citing *Alvarez*, 605 S.W.2d at 617)). Hence, we are not persuaded by Gamez's argument that the judgment is void due to these two alleged errors. *See Nix*, 65 S.W.3d at 669 ("Appellant has failed to allege an error that could render the original judgment of conviction void. . . . Appellant cannot use the void judgment exception to gain relief.").

## C.    Jail Time Credit

The trial court credited Gamez with seventy-two days towards his sentence for the following dates: September 25, 2017, to October 14, 2017 (twenty days); May 31, 2019, to June 7, 2019 (eight days); and November 24, 2021, to January 6, 2022 (forty-four days). Gamez argues that he is entitled to 350 days, comprising: (1) of the time he allegedly spent incarcerated awaiting his sentence (and eventual guilty plea) from October 7, 2017, to May 5, 2018 (210 days); and (2) the time he allegedly spent

5

incarcerated while awaiting the community supervision revocation hearing from August 20, 2021, to January 7, 2022 (140 days).[1] The State concedes that Gamez can be credited "with the correct number of days" towards his sentence but does not specify how many days it believes Gamez should be credited.

We agree that Gamez may be owed time towards his sentence, but it is unclear from the record how much credit Gamez is owed. Most notably, the record does not indicate when Gamez was originally arrested, which is integral to calculating the precise amount of jail time credit. Because the record is unclear, but both parties agree additional time may be credited toward the defendant's sentence, we sustain Gamez's first issue in part and remand to the trial court for determination of this issue.[2] *See Joseph v. State*, 3 S.W.3d 627, 642–44 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (noting that the State did not address the merits of the defendant's jail time credit issue and remanding the

---

[1] Gamez argues in his brief that he should be credited for "351 days" towards his sentence, but he does not specify on what dates he was incarcerated. He cites a letter that he sent to the court on June 13, 2023, asking the court to correct the number of days credited towards his sentence. In the letter, he states that he was in jail from around September or October 2017, until May 5, 2018, and from August 17, 2021, to January 7, 2022. However, the record indicates Gamez filed a motion to enter a nunc pro tunc order stating that he was incarcerated from October 7, 2017, to May 5, 2018 (210 days), and then again from August 20, 2021, to January 7, 2022 (140 days). We construe Gamez's argument to align with the dates and 350 days of credit as stated in the nunc pro tunc motion.

[2] This Court held in *Rodriguez v. State* that when a defendant files a motion for judgment nunc pro tunc to correct a time-credit error, and the trial court has not ruled on the motion, the proper remedy is for the defendant to seek mandamus relief. 398 S.W.3d 246, 250–52, 252 n.8 (Tex. App.—Corpus Christi–Edinburg 2009, no pet.); *see In re L.G.G.*, 398 S.W.3d 852, 864 (Tex. App.—Corpus Christi–Edinburg 2012, no pet.) (upholding and applying *Rodriguez* but finding sufficient information in the record to modify the defendant's jail time credit in the judgment). However, *Rodriguez* is distinguishable because there, the trial court considered and refused to rule on the issue of jail time credit during the trial's punishment phase, thereby making remand futile. *See Rodriguez*, 398 S.W.3d at 250 & n.4 (noting that the trial court refused to award credit for Rodriguez's time spent in a Mexican jail, the very issue he brought on appeal). Here, the record does not indicate that the trial court ever considered Gamez's argument that he was owed more jail time credit. Further, unlike *Rodriguez*, the State concedes Gamez may be owed jail time credit and does not argue against Gamez's calculations of said credit. *Cf. id.* 250 & n.5 (noting that the State conceded Rodriguez may be owed some credit towards his sentence but the State nevertheless argued that the record was insufficient "to determine the precise amount of jail credit").

issue to the trial court); *see also Jones v. State*, No. 05-22-00570-CR, 2023 WL 3963990, at *1–2 (Tex. App.—Dallas June 13, 2023, no pet.) (mem. op., not designated for publication) ("The State concedes that appellant may be entitled to additional back-time credit, and we agree. Accordingly, we reverse . . . and remand to the trial court for further determination of this issue."). We overrule this issue to the extent Gamez argues that any error renders the trial court's judgment void.

## D.    Attorney's Fees

By his second and last issue, Gamez argues that the judgment revoking his community supervision is void because the judgment included attorney's fees that were not ordered by the trial court. As previously stated, we are not persuaded that the judgment is void and instead will consider whether the record reflects the necessary information to modify the judgment. *See Asberry*, 813 S.W.2d at 529–30.

The trial court ordered Gamez to "pay a $1,000 fine, [and] all costs of court." The final judgment adjudicating guilt ordered $1,870 in court costs, and the record indicates that $1,504 in attorney's fees were included in that amount. The State concedes that "the judgment ordered attorney's fees, which the trial court did not orally pronounce during announcement of the sentence to be imposed." It also concedes that the attorney fee portion of the judgment can be stricken.

When a trial court has discretion over some aspect of punishment, and the oral pronouncement conflicts with the written judgment, the oral pronouncement controls. *See Ette v. State*, 559 S.W.3d 511, 516–17 (Tex. Crim. App. 2018); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Ex parte*

7

*Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (citing TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1). "The solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003) (first citing *Ex parte Madding*, 70 S.W.3d at 135; and then citing *Coffey*, 979 S.W.2d at 328).

Because the record shows the trial court did not order $1,504 in attorney's fees, we sustain this issue in part and modify the trial court's judgment to remove $1,504 from the "court costs" assessed in the judgment. *See id.*; TEX. R. APP. P. 43.2(b). We overrule this issue to the extent Gamez argues that any error renders the trial court's judgment void.

### III.    CONCLUSION

We reverse the portion of the trial court's judgment crediting seventy-two days towards Gamez's jail time sentence and remand to the trial court for further determination of this issue. We modify the trial court's judgment to remove $1,504 in attorney's fees from the total court costs imposed, and affirm the remainder of the judgment as modified.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
22nd day of February, 2024.

8