

# NUMBER 13-24-00429-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**KEITH EDWARD CURRY,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

---

## ON APPEAL FROM THE 377TH DISTRICT COURT
## OF VICTORIA COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva**

A jury found appellant Keith Edward Curry guilty of one count of possession of a controlled substance in penalty group one in an amount of four grams or more but less than two hundred grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d). The jury assessed Curry's punishment at ten years' imprisonment. By one issue, which we construe as two, Curry argues that (1) the trial court's judgment is

void, and (2) the trial court's judgment erroneously contains a reimbursement fee. We affirm.

## I. BACKGROUND

Curry was indicted and convicted by a jury for possession of a controlled substance in penalty group one in an amount of four grams or more but less than two hundred grams. *See id.* The trial court's written judgment erroneously reflected that Curry was convicted of "MANUFACTURE OR DELIVERY OF SUBSTANCE IN PENALTY GROUP 1 (>= 4 GRAMS BUT LESS THAN 200 GRAMS)." *See id.* § 481.112. The judgment also assessed a $75 reimbursement fee against Curry.

Curry perfected this appeal and filed a brief asserting that the judgment was void and that the reimbursement fee was improper. During the pendency of this appeal, the trial court entered a judgment nunc pro tunc correcting the offense for which Curry was convicted from "MANUFACTURE OR DELIVERY OF SUBSTANCE IN PENALTY GROUP 1 (>= 4 GRAMS BUT LESS THAN 200 GRAMS)" to "POSSESSION OF A CONTROLLED SUBSTANCE IN PENALTY[ ]GROUP 1 IN AN AMOUNT OF FOUR (4) GRAMS OR MORE BUT LESS THAN TWO HUNDRED (200) GRAMS." However, the judgment nunc pro tunc still contains the $75 reimbursement fee.

## II. VOID JUDGMENT

By his first issue, Curry argues the trial court's original written judgment was void because it contained a clerical error. As discussed above, the record demonstrates that the trial court's written judgment did not accurately reflect the oral pronouncement rendered by the trial court. Curry argues without citation to legal authority that "[t]he

2

difference in sentences as reflected in the judgment is a defect that cannot be cured and as such the judgment is void." *See* TEX. R. APP. P. 38.1(i) ("The [appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Citing *Gray v. State*, 707 S.W.2d 607, 608 (Tex. Crim. App. 1986), Curry also argues that "[a] clerical error may be sufficient to void a judgment." However, *Gray* does not stand for this proposition. Instead, *Gray* involves an error in the defendant's notice of appeal and is thus not relevant to Curry's argument. *Id.*

We reject Curry's contention that the trial court's original written judgment is "void" merely because it contains clerical errors. A void judgment is a judgment "accorded no respect due to a complete lack of power to render the judgment in question." *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *Gamez v. State*, No. 13-23-00367-CR, 2024 WL 717099, at *2 (Tex. App.—Corpus Christi–Edinburg, Feb. 22, 2024 no pet.) (mem. op., not designated for publication). A void judgment occurs only "in very rare situations," such as

> when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright* [, 372 U.S. 335 (1963)].

*Nix*, 65 S.W.3d at 668 (internal citations omitted); *Gamez*, 2024 WL 717099, at *2. In this case, the trial court's original written judgment merely contained clerical errors, which did not render the judgment void. *See Nix*, 65 S.W.3d at 668; *see also Gamez*, 2024 WL

3

717099, at *2 ("[W]e are not persuaded by Gamez's argument that the judgment is void due to these two alleged [clerical] errors."). Curry raises no other arguments as to why the judgment is void.

We further conclude the trial court had authority to correct the clerical errors with its judgment nunc pro tunc. *See Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) ("A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered." (citing *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980))); *see also Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) (citing *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004)) ("[W]hen there is a conflict between the oral pronouncement [of sentence] and the [sentence in the] written judgment, the oral pronouncement controls."); *Gomez v. State*, 459 S.W.3d 651, 666 (Tex. App.—Tyler 2015, pet. ref'd) (citing *Smith v. State*, 15 S.W.3d 294, 298 (Tex. App.—Dallas 2000, no pet)) ("The purpose of a nunc pro tunc order is to correctly reflect in the records of the trial court the judgment it actually made, but which for some reason was not entered of record at the proper time."); *In re Cherry*, 258 S.W.3d 328, 333 (Tex. App.—Austin 2008, no pet.) (citing *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994)) ("[A] valid judgment nunc pro tunc can be entered at any time, even after the trial court has lost jurisdiction over the case.").

Because the trial court has corrected the complained-of error in the nunc pro tunc judgment, there is no longer a justiciable controversy for this Court to consider with respect to this issue. *See Ex parte Bohannan*, 350 S.W.3d 116, 120 (Tex. Crim. App.

4

2011) (recognizing that mootness generally turns on whether the claim is justiciable). Accordingly, Curry's first issue is overruled as moot.

### III.    REIMBURSEMENT FEE

Curry next argues that a $75 reimbursement fee in the trial court's written judgment is erroneous because "neither the jury's verdict nor the judge's sentencing reference any reimbursement."[1] Curry cites no legal authority in support of his assertion. *See* TEX. R. APP. P. 38.1(i).

Juries are not authorized to impose court costs by their verdict in a criminal case, but can assess fines in assessing punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07(1)(a)–(b); *see also* TEX. PENAL CODE ANN. §§ 12.02–.43. The trial court signs and enters the written judgment, *see* TEX. CODE CRIM. PROC. ANN. art. 42.01, and the imposition of court costs is governed by Article 42.16, which states that the trial court shall "adjudge the costs against the defendant, and order the collection thereof as in other cases." *Id*. art. 42.16. Thus, upon the defendant's conviction, the imposition of court costs is mandatory. *Martinez v. State*, 507 S.W.3d 914, 916 (Tex. App.—Waco 2016, no pet.). Court costs are not punitive and do not have to be included in the oral pronouncement as a precondition to their inclusion in the written judgment.[2] *Weir v. State*, 278 S.W.3d 364,

---

[1] Curry does not address whether the reimbursement fee was properly assessed other than to argue that it was not referenced by the jury's verdict or the trial court's oral sentencing; accordingly, we will only address this specific argument. *See Houston v. State*, 410 S.W.3d 475, 479 (Tex. App.—Fort Worth 2013, no pet.) ("We decline to undertake a review of the correctness of each cost charged in the bill of costs when [the appellant] has not done so."); *see also Coronel v. State*, 416 S.W.3d 550, 556 (Tex. App.—Dallas 2013, pet. ref'd) ("[W]e note that in his original brief and his two post-submission objections to the bill of costs, appellant does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address these issues.").

[2] The record reflects that the trial court informed Curry that he was to "pay court costs" during its oral pronouncement of Curry's sentence.

367 (Tex. Crim. App. 2009). The imposition of court costs does not alter the punishment range, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16; *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011); *see also Anastassov v. State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022) ("A fine is not a court cost or fee; it is part of the punishment."); *Ruyle v. State*, No. 02-24-00199-CR, 2025 WL 938131, at *2 (Tex. App.—Fort Worth Mar. 27, 2025, no pet.) (mem. op., not designated for publication) ("[F]ines must be orally pronounced in the defendant's presence.") (citing *Armstrong*, 340 S.W.3d at 767)).

For the foregoing reasons, Curry's second issue is overruled.

## IV.    CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
29th day of May, 2025.